UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PACK, | ) |
| Plaintiff, | ) ) ) |
| vs. | )    Case No. 4:25-cv-00911-MTS |
| CITY OF ST. CHARLES, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." This signature requirement necessitates, "as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Here, Plaintiff simply typed his name on his filings. His "typewritten name is not a signature for the purpose of Rule 11." *Giebelhaus v. Spindrift Yachts*, 938 F.2d 962, 966 (9th Cir. 1991). To be sure, Federal Rule of Civil Procedure 5 provides that a filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature. Fed. R. Civ. P. 5(d)(3)(C); *accord* E.D. Mo. L.R. 2.11. Plaintiff, though, is *pro se*, and he did not make his filings through an electronic-filing account. Thus, his typed name does not constitute a signature under Rule 5. *See also* E.D. Mo. L.R. 2.11 (explaining that a document "must be physically signed" if it has been signed by someone "other than an attorney of record").

In accordance with Rule 11, the Court will require Plaintiff to "promptly" correct this deficiency by submitting to the Clerk of Court a signed copy of his Complaint. *See* Fed. R. Civ. P. 11(a); *see also, e.g.*, *McGehee v. Synchrony Bank*, 4:25-cv-0933-MTS, 2025 WL 1993555, at *1 (E.D. Mo. July 17, 2025); *Simpkins v. John Maher Builders, Inc.*, 3:23-cv-0367-WDC, 2024 WL 36424, at *1 (M.D. Tenn. Jan. 3, 2024). If Plaintiff fails to do so by **Thursday**, **September 18, 2025**, the Court "must strike" his Complaint. *See* Fed. R. Civ. P. 11(a). The striking of the Complaint will result in the dismissal of this action. *See Varela v. Fyke*, 8:17-cv-1217-PSG, 2017 WL 10796777, at *1 (C.D. Cal. Oct. 13, 2017) ("Absent an operative complaint, an action is subject to dismissal."); *cf.* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall comply with Federal Rule of Civil Procedure 11(a) and Local Rule 2.11, as explained herein, no later than **Thursday, September 18, 2025**. The failure to do so will result in the dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that the deadline for Defendants to file their required response(s) to Plaintiff's Complaint is **STAYED** pending further Order of the Court, which shall issue once Plaintiff complies with this Memorandum and Order.

Dated this 4th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE