IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Richard: Pack | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00911-SRW |
| | ) | |
| CITY OF SAINT CHARLES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

The Amended Complaint (Doc. 25) ("Complaint") filed by Plaintiff alleges that Defendants violated various constitutional and statutory rights during a traffic stop and the arrest, booking, and prosecution of Plaintiff subsequent to that traffic stop. But Plaintiff's Complaint should be dismissed because Plaintiff failed to properly serve any of the Defendants. Moreover, even if this Court were to set aside Plaintiff's procedural inadequacies, Plaintiff's claims fail as a matter of law because Plaintiff has failed to allege the requisite elements, has relied on criminal statutes that provide no private right of action, and Defendants are entitled to qualified immunity.

Accordingly, even accepting all of Plaintiff's allegations as true for purposes of this Motion, dismissal is proper.

**<u>BACKGROUND</u>**

Defendants are employees of the City of St. Charles. (Doc. 25, ¶ 5, 20, 24). Plaintiff was a passenger in a vehicle subject to a traffic stop on April 19, 2024. (Doc. 25, ¶ 1). Plaintiff filed the present lawsuit alleging, among other things, that Defendants violated various constitutional and statutory rights by virtue of an alleged warrantless arrest and the subsequent booking and prosecution of Plaintiff. (Doc. 25). Plaintiff has alleged the following thirteen causes of action

against six defendants: Count I – Warrantless Arrest Under Color of Law, Count II – Duty to Prevent, Count III – Deprivation of Rights Under Color of Law, Count IV – False Imprisonment Under Color of Law, Count V – Conspiracy Against Rights Under Color of Law, Count VI – Unreasonable Search and Seizure Under Color of Law, Count VII – Assault and Battery Under Color of Law, Count VIII – False Imprisonment Under Color of Law, Count IX and X – Conspiracy Against Rights Under Color of Law, Counts XI and XII – Conspiracy Against Rights Under Color of Law, and Count XIII – Mail Fraud Under Color of Law. (Doc. 26).

## **LEGAL STANDARD**

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Enterprise Bank and Trust v. May*, 2020 WL 7056011 at *2 (E.D. Mo. Dec. 2, 2020) (internal citations omitted). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) requires a defendant to demonstrate that the plaintiff failed to follow the procedures set forth in Federal Rule of Civil Procedure 4." *Johnson v. Zoltec*, 2025 WL 1905367 at *1 (quoting *Stephenson v. Bruno*, 2015 WL 505550 at *4 (D. Neb. Feb. 6, 2015)). After a defendant challenges service, the burden shifts to the plaintiff to demonstrate that service was proper. *Enterprise Bank and Trust v. May*, 2020 WL 7056011 at *2 (E.D. Mo. Dec. 2, 2020) (internal citations omitted).

A complaint fails to state a claim under Rule 12(b)(6) when, accepting as true all factual allegations in the light most favorable to the nonmoving party, the allegations fail to support a cognizable cause of action against a particular defendant. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). To dismiss a claim, Courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.* (citing *Hanten v. Sch. Dist.*

*of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

# ARGUMENT

### I. Plaintiff Has Failed to Properly Serve Any of the Defendants Under Federal Rule of Civil Procedure 4.

Per the executed returns of service filed by Plaintiff (Docs. 8-13), Plaintiff served all defendants by leaving a copy of the Summons and Complaint at the front desk of the St. Charles Police Department on July 16, 2025. This is not sufficient service for any of the Defendants.

Federal Rule of Civil Procedure 4(e) provides that an individual may be served pursuant to state law or by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a coy of each to an agent authorized by appointment or by law to receive service of process." F. R. Civ. P. 4(e)(2)(A)-(C). Service upon the St. Charles Police Department does not comply with service upon the individual Defendants pursuant to Missouri state law or Federal Rule of Civil Procedure 4(e)(2)(A)-(C). None of the individual Defendants were personally served, served at their homes, or served via an authorized agent. Thus, there was no proper service upon Defendants Katterhenry, Eder, Brockmeyer, Norman, or Engelmeyer.

As for the City of St. Charles, Federal Rule of Civil Procedure 4(j)(2) provides that: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

F. R. Civ. P. 4(j)(2). Missouri Supreme Court Rule 54.13(b)(4) provides that service for a city made by made upon the mayor, city clerk, or city attorney. Plaintiff purported to serve the City at the police department which does not comply with F. R. Civ. P. 4(j)(2) or Missouri Sup. Ct. R. 54.13(b)(4). Thus, there also was no proper service upon the City.

Because there was no proper service for any of the foregoing defendants, this Court lacks jurisdiction. *See Rice v. Interfood, Inc.*, 2020 WL 1815820 at *2 (E.D. Mo. Apr. 9, 2020) ("If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit.") (citing *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)). As a result, dismissal of Plaintiff's Complaint is proper. *See Rice*, 2020 WL 1815820 at *5 (granting Defendant's Motion to Dismiss for Insufficiency of Service).

## II. Plaintiffs Complaint Must Also be Dismissed Because Plaintiffs Claims Fail as a Matter of Law.

While Plaintiff's failure to properly serve any of the Defendants in this matter alone is sufficient to warrant dismissal of the Complaint in its entirety, the claims in the Complaint are also substantively deficient for the reasons outlined below.

As a threshold matter, all of Plaintiff's allegations stem from Plaintiff's mistaken belief that a police officer cannot lawfully order a passenger to exit the vehicle during a traffic stop. However, this is not the case. In *Maryland v. Wilson*, the Supreme Court held that for safety purposes "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." 519 U.S. 408, 415 (1997). Moreover, "[d]epending on the circumstances, officers may instruct the driver and passengers to step out of the car, prevent passengers from leaving the scene, and increase restraint proportionate to uncooperative behavior during an investigative detention." *McElree v. City of Cedar Rapids*, 983 F.3d 1009, 1016-1017 (8th Cir.

2020) (citing *Waters v. Madson*, 921 F.3d 725, 738 (8th Cir. 2019) and *United States v. Smith*, 645 F.3d 998,1001 (8th Cir. 2011)). Thus, all of Plaintiff's allegations regarding the subsequent arrest, booking, and prosecution fail to state a claim because Plaintiff admits that he failed to comply with Defendant Katterhenry's lawful order to exit the vehicle during a traffic stop. (Doc. 25, ¶ 3). For this and all the reasons below, Plaintiff has failed to state a claim upon which relief can be granted.

### A. Plaintiff's Count III Must be Dismissed Because Plaintiff Has Not Alleged a Claim for Conspiracy Under 42 U.S.C. § 1985 and 42 U.S.C. § 1985.

With regard to Count III, Plaintiff merely alleges that Defendant Eder's "immediate assault and battery…followed by his handcuffing and custodial arrest…constitute multiple unlawful deprivations of rights." (Doc. 25, ¶ 9). However, in order to state a claim under 42 U.S.C. § 1985, Plaintiff must allege:

> "(1) the defendants conspired, (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital privilege of a citizen."

*Rollen v. Coates*, 2009 WL 2391970 at *2-3 (E.D. Mo. Aug. 3, 2009) (citing *Criswell v. City of O'Fallon, Mo.*, 2007 WL 1760744 at *5 (E.D. Mo. Jun. 15, 2007)). The foregoing requires "some facts suggesting a mutual understanding between defendants to commit unconstitutional acts." *Kurtz v. City of Shrewbury*, 245 F.3d 753, 758 (8th Cir. 2001).

There are no facts or even an implication that there was an understanding between Defendants Katterhenry and Eder to commit an unconstitutional act. Count III is only brought against Defendant Eder and makes no reference to Defendant Katterhenry at all. Due to Plaintiff's failure to allege any form of conspiracy in Count III, it must be dismissed.

To the extent Plaintiff seeks to rely on § 1983 for Count III, the claim still fails as a matter of law. The "essential elements of a § 1983 claim are: (1) violation of a constitutional right,

5

(2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Bakhtiari v. Beyer*, 2008 WL 3200820 at *2 (E.D. Mo. Aug. 6, 2008) (quoting *Kuha v. City of Minnetonka,* 365 F.3d 590, 606 (8th Cir.2003) (as amended April 27, 2004)). Plaintiff has not alleged a violation of any constitutional right in Count III, only that he was assaulted, battered, handcuffed, and arrested. Plaintiff has not attempted to tie these actions to standards needed to demonstrate a deprivation of a constitutional right. Thus, Plaintiff cannot rely on § 1983 to support his claim in Count III and dismissal is proper.

### B. Plaintiff's Count II Fails as a Matter of Law Because Plaintiff Has Failed to State a Claim Under 42 U.S.C. § 1986.

Count II of Plaintiff's Complaint alleges that Defendant Katterhenry had a duty to prevent Defendant Eder's conduct and failed to do so in violation of 42 U.S.C. § 1986. "42 U.S.C. § 1986, a companion statute to § 1985, allows an action against a party who knows that a § 1985 deprivation will occur, has the power to prevent it, and fails to do so." *Kaminsky v. Missouri*, 2007 WL 2994299 at *6 (E.D. Mo. Oct. 11, 2007) (internal citations omitted). Consequently, a claim under § 1986 "must be predicated upon a valid § 1985 claim." *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005) (internal citations omitted).

Here, Plaintiff has failed to state a claim under § 1985 because he has failed to allege any conspiracy. As a result, dismissal of his § 1986 claim is also proper. *See Barnes v. Simmon*, 2015 WL 1800532 at *2 (E.D. Mo. Apr. 16, 2015) (dismissing § 1986 claim finding that it failed as a matter of law because the plaintiff failed to allege a § 1985 claim).

### C. Plaintiff's Counts IV, V, IX, X, and XIII Fail to State a Claim Because They are Based on Criminal Statutes Which Provide No Private Right of Action.

For his Count IV, Plaintiff brings a claim for false imprisonment based on 18 U.S.C. § 242 which is a criminal statute. Similarly, Plaintiff's Count V for conspiracy against rights and Counts IX and X are based on 18 U.S.C. §§ 241 and 242. Further, Plaintiff's Count XIII for mail fraud is

based on 18 U.S.C. § 1341. In order for Plaintiff's claims to survive dismissal, the foregoing criminal statutes must provide for a private right of action.

"Courts have repeatedly held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges." *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998). *See also*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242…These statutes do not give rise to a civil action for damages."). As a result, "[c]ourts have previously found that claims raised under § 1983 for alleged violations of those statutes fail [as] a matter of law because they do not create a private right of action." *Pack v. Jackson*, 2025 WL 2322681 at *3 (E.D. Mo. Aug. 12, 2025) (internal citations omitted).[1] Consistent with the foregoing, Plaintiff's Counts IV, V, IX, and X fail as a matter of law because 18 U.S.C. §§ 241 and 242 do not confer a private right of action upon Plaintiff. Dismissal of Counts IV, V, IX, and X is therefore proper.

Consistent with the foregoing, there is also no private right of action under 18 U.S.C. § 1341. In *Wisdom v. First Midwest Bank, of Poplar Bluff*, the Eighth Circuit explicitly held that there is not a private right of action under the mail fraud statute. 167 F.3d 402, 408 (8th Cir. 1999) ("Thus, we agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes."). As a result, Plaintiff cannot state a claim under 18 U.S.C. § 1341 and dismissal of Count XIII is also proper.

---

[1] It is worth noting that this opinion involves the same Plaintiff bringing very similar claims against the City of St. Ann. Ultimately, the Court denied Plaintiff's Motion for Leave to Amend finding that the "proposed amendments are futile" because Plaintiff could not maintain claims based on 18 U.S.C. §§ 241, 242 under § 1983. The very same type of claims is at issue here.
Further, pursuant to Federal Rule of Civil Procedure 11(b)(2), Plaintiff should voluntarily dismiss the claims that were found to be non-cognizable in his other pending action. Although Plaintiff is pro se, he is still subject to Rule 11. *See Bauer v. Lauth*, 2016 WL 6679846 at *5 (E.D. Mo. Nov. 14, 2016).

7

### D. Plaintiff's Count VIII Must be Dismissed Because Plaintiff Has Not Alleged a Violation of His Sixth Amendment Rights.

For Count VIII of his Complaint that is titled false imprisonment, Plaintiff alleges that (1) he was wrongfully imprisoned without being brought in front of a judge, (2) he was unlawfully summoned to appear in St. Charles Municipal Court, and (3) Judge Brockmeyer entered a plea of not guilty against his consent. (Doc. 25, ¶¶ 19-20). Plaintiff cites to the Sixth Amendment, and 18 U.S.C. §§ 241 and 242. As outlined above, §§ 241 and 242 cannot sustain a claim brought under § 1983. Thus, the only possible basis for Plaintiff's claim is the Sixth Amendment. However, Plaintiff failed to allege any conduct which violates rights guaranteed by the Sixth Amendment.

The Sixth Amendment guarantees various rights: a speedy and public trial, to be informed of the criminal charges, an impartial jury, to confront witnesses, to compel favorable witnesses, and to have counsel. U.S. CONST. amend. VI As an initial matter, none of the foregoing rights in any way relate to false imprisonment which alone is sufficient to warrant dismissal of Plaintiff's claim for false imprisonment.

Additionally, Plaintiff's allegations don't suggest that any of the foregoing rights actually guaranteed by the Sixth Amendment were violated. First, there is nothing in the Sixth Amendment that guarantees Plaintiff's right to see a judge after a misdemeanor traffic arrest. Moreover, in his Complaint, Plaintiff by his own allegations acknowledges that he was released after he went through booking procedures. (Doc. 25, ¶ 20). Thus, it is unclear, what, if any, rights Plaintiff claims to have been violated as he admits he was released. Further, despite the Sixth Amendment guaranteeing Plaintiff the right to a speedy trial, Plaintiff complains that he was given a trial at all. Specifically, Plaintiff alleges that he was "unlawfully motioned…into an unconstitutional court proceeding in the form of an unconstitutional trial which would also take place in a court of no record on July 29, 2024." (Doc. 25, ¶ 20). There is nothing in the Sixth Amendment that guarantees

Plaintiff's right not to be summoned to Court. Further, there is nothing in the Sixth Amendment that prohibits the court from entering a not guilty plea on Plaintiff's behalf.

Plaintiff has failed to allege any facts which implicate any rights guaranteed by the Sixth Amendment such that dismissal of Count VIII is warranted.

### E. *Plaintiff's Counts XI and XII for Conspiracy Fail as a Matter of Law Because Plaintiff Has Failed to Identify Any Statutory or Common Law Basis for the Claims.*

In Counts XI and XII, Plaintiff alleges that Defendants "conspire[d] to conduct an unlawful court proceeding in a court of no record conspiring against the rights of PLAINTIFF Pack." (Doc. 25, ¶ 26) (emphasis in original). "Missouri recognizes the general rule that there is no tort of civil conspiracy." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citing *Xavier v. Bumbarner & Hubbell Anesthesiologists*, 923 S.W.2d 428, 432 (Mo. App. 1996)). Consequently, "[a] claim of conspiracy alone is not actionable absent an underlying tort or wrongful act." *Id.*. Here, Plaintiff has failed to state any underlying tort or wrongful act. Instead, Plaintiff relies only on an allegation that Defendants "conduct[ed] an unlawful court proceeding in a court of no record." It is unclear what statute or right Plaintiff believes to be violated as none has been cited. Without an underlying tort or wrongful act, Plaintiff's Counts XI and XII fail as a matter of law and dismissal is warranted.

### F. *Plaintiff's Count VII for Assault and Battery Must Be Dismissed Because the Fourth Amendment Does Not Support Such a Claim.*

For Count VII of his Complaint, Plaintiff alleges that he suffered "various assaults and batteries" by Defendant Eder and the employees who handled Plaintiff's booking that purportedly violate Plaintiff's rights under the Fourth Amendment. First, no one other than Defendant Eder is a party to Plaintiff's suit and there does not appear to be any specific allegation against Defendant Eder related to any assault or battery. As a result, it is unclear against whom Plaintiff brings this

claim for the actions during his booking as the entirety of the allegations regarding the assault and battery relate to the booking process. In any event, Plaintiff's claim for assault and battery under the Fourth Amendment fails as a matter of law regardless of whom it is brought against.

First, "the Fourth Amendment allows police to take certain routine 'administrative steps incident to arrest –i.e., … book[ing], photograph[ing], and fingerprint[ing]." *Maryland v. King*, 569 U.S. 435, 461 (2013) (quoting *County of Riverside v. McLaughlin*, 500 U.S. 44, 58 (1991)). Such procedures are allowed under the Fourth Amendment because there is a "legitimate interest of the government in knowing for an absolute certainty the identity of the person arrested, in knowing whether he is wanted elsewhere, and in ensuring is identification in the event he feels prosecution." *Id.* (internal citations omitted). Plaintiff's allegations are merely that he was subjected to "multiple physical searches" and "unwanted fingerprinting and photographing…despite his…notices of lack of consent." Plaintiff's refusal to consent to lawfully conducted booking procedures does not result in a claim for assault and battery based on those very procedures.

Additionally, while the Fourth Amendment does prohibit excessive force, a claim for assault or battery without more is not sufficient to state a claim under the Fourth Amendment. *See Carter v. Huterson*, 831 F.3d 1104, 1109 (8th Cir. 2016) ("Under this standard, Carter's bare assertion that all of the defendants simultaneously 'physically assaulted and attacked him" fails to state a claim that those defendants violated his Fourth Amendment rights."). Further, Plaintiff also alleged "no facts regarding the 'amount of force' involved in this alleged attack, precluding any inference that such force was not 'objectively reasonable under the particular circumstances.'" *Id.* (internal citations omitted). Because the Complaint is utterly devoid of any allegations of excessive

force or any allegations from which excessive force can be inferred, Plaintiff's Count VII fails as a matter of law and must be dismissed.

### G. Defendants Are Entitled to Qualified Immunity Regarding Plaintiff's Claims.

While the doctrine of qualified immunity applies to all of Plaintiff's claims, all claims outside of Count I and Count VI warrant dismissal for other reasons before reaching an analysis of qualified immunity.[2] All of the individuals Plaintiff has sued are government employees entitled to qualified immunity. Defendants Katterhenry and Eder are St. Charles police officers. Defendants Brockmeyer and Norman are municipal judges. Defendant Engelmeyer is the city prosecutor. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Burns v. Cole*, 18 F.4th 1003, 1007 (8th Cir. 2021) (quoting *Young v. Mercer Cnty. Comm'n*, 849 F.3d 728, 732 (8th Cir. 2017)). "Qualified immunity analysis requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quoting *Nord v. Walsh Cty.*, 757 F.3d 734, 738 (8th Cir. 2014)). "Although there need not be 'a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question *beyond debate*,' or else 'officers are entitled to qualified immunity.'" *N.S. v. Kansas City Board of Police Commissioners*, 933 F.3d 967, 970 (8th Cir. 2019) (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam)) (emphasis in original).

---

[2] Given the Court's limit on pages for a Motion, Defendants have elected to raise other arguments as to the substantive deficiencies in Plaintiff's Complaint. Should this Court find that Plaintiff's claims will survive dismissal for the reasons outlined above, Defendants reserve the right to raise qualified immunity as to all of Plaintiff's claims.

"Unless both of these questions are answered affirmatively, an appellant is entitled to qualified immunity." *Id.* (quoting *Nord*, 757 F.3d at 738). "And, courts are 'permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Id.* (quoting *Nord*, 757 F.3d at 738-39 (8th Cir. 2014)). Moreover, "[b]ecause qualified immunity is an affirmative defense, …it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024) (quoting *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995)).

   1. *Defendant Katterhenry is Entitled to Qualified Immunity for Count I Because He Had Arguable Probable Cause to Arrest Plaintiff.*

For Count I, Plaintiff merely alleges that he was subject to a warrantless arrest.[3] However, "[a] warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there is at least 'arguable probable cause.'" *Borgman v. Kedley*, 646 F.3d 518, 522-23 (8th Cir. 2011) (quoting *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005)). Arguable probable cause is "whether the officer should have known that the arrest violated plaintiff's clearly established right." *Schaeffer v. Beringer*, 842 F.3d 585, 592 (8th Cir. 2016) (quoting *Habinger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996)). Arguable probable cause can be established even "if [officers] arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable." *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008).

Here, Plaintiff does not allege that Defendant Katterhenry lacked probable cause; Plaintiff's Complaint is entirely devoid of any reference to probable cause of lack thereof. In fact,

---

[3] It is worth noting that Plaintiff does not actually allege that Defendant Katterhenry arrested him, but rather only that his locomotion was restricted. (Doc. 25, ¶ 5).

Plaintiff admitted that he refused to provide identification and then refused to exit the vehicle, not one but two refusals to comply with Defendant Katterhenry's orders. Thus, Defendant Katterhenry is entitled to qualified immunity as to Count I because he had arguable probable cause such that Plaintiff's right was not clearly established at the time of Defendant Katterhenry's alleged conduct. *See Ryno v. City of Waynesville*, 58 F.4th 995, 1006 (8th Cir. 2023) (holding that where officer had arguable probable cause plaintiff's rights under the fourth amendment were not clearly established under the second prong of the qualified immunity analysis). Defendant Katterhenry is therefore entitled to qualified immunity as to Count I and dismissal is proper.

   2. *Defendants are Entitled to Qualified Immunity as to Plaintiff's Count VI Because a Search Incident to an Arrest is not Violative of the Fourth Amendment.*

For Count VI of his Complaint, Plaintiff alleges that he was subject to an "unreasonable, warrantless search and seizure" by Defendants.[4] For the reasons outlined immediately above, Defendants are entitled to qualified immunity for the arrest because there was arguable probable cause to conduct the arrest. The same is true for the search after the arrest because "when officers have 'at least arguable probable cause' to perform an arrest, they cannot be held liable for performing a search incident to that arrest." *Schaeffer*, 842 F.3d at 593 (8th Cir. 2016) (citing *Meehan v. Thompson*, 763 F.3d 936, 946 (8th Cir. 2014)). Thus, Defendants are entitled to qualified immunity as to Count II and dismissal is therefore proper.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court dismiss all claims against them in Plaintiff's Complaint, with prejudice pursuant to Federal Rule 12(b)(6) or

---

[4] It is not clear exactly who this claim is brought against because it only references "DEFENDANTS" and does not reference any specific defendants.

without prejudice pursuant to Federal Rule 12(b)(5), and for such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                CARMODY MACDONALD P.C.

By:    */s/ Tyler C. Schaeffer*
        Tyler C. Schaeffer, #60847MO
        Carissa C. Sterling, #74853MO
        120 South Central Avenue, Suite 1800
        St. Louis, Missouri 63105-1705
        (314) 854-8600 Telephone
        (314) 854-8660 Facsimile
        tcs@carmodymacdonald.com
        ccs@carmodymacdonald.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                    */s/ Tyler C. Schaeffer*