UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-0911-MTS |
| | ) | |
| CITY OF ST. CHARLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff refers to himself, and signs his papers as, "Richard: Pack." *See, e.g.*, Docs. [1], [30]. He adds "All Rights Reserved UCC 1-308" to his signature block. *See id.* And he describes himself as "a free man of one of the several states." *See id.* Plaintiff insists that Defendants and the Court style his name that same specific way. He filed a Memorandum demanding that Defendants refer to him only as "Richard: Pack," stating that he did not "represent in anyway the entity . . . RICHARD PACK." Doc. [18]. He later filed a "Notice of Correct Name and Status" with the Court where he instructed the Court to refer to him as "Richard: Pack" so as not to "alter or obscure" his "proper name and status." Doc. [26].

His "status" seems to sound in the make-believe notions popular among so-called "sovereign citizens." *See* Federal Bureau of Investigation, *Sovereign Citizen Violent Extremism* (Sep. 2023), https://perma.cc/Z2M7-QFZC (listing the use of "signatures that are distinguished by odd colons, dashes, brackets" or followed by "All Rights Reserved" as indicators of sovereign citizen ideology); *see also Bey v. State*, 847 F.3d 559, 560–61 (7th Cir. 2017) (Posner, J.) (discussing sovereign citizens' incorrect belief that names typed in capital letters refer to different entities than those typed with standard capitalization); *White*

*v. Wis. Dep't of Child. & Fams.*, 3:23-cv-0798-WMC, 2024 WL 379913, at *1 n.1 (W.D. Wis. Feb. 1, 2024) ("White's pleading uses some conventions typical of so-called 'sovereign citizen' litigants, including a colon in his name."); *Westfall v. Davis*, 7:18-cv-0023-HRR, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (explaining sovereign citizens frequently cite to the Uniform Commercial Code and use "the idea of strawman trusts").

Unfortunately for Plaintiff, though, Federal Rule of Civil Procedure 17 provides that "[a]n action <u>must</u> be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1) (emphasis added); *see also Pol v. Smith Provision Co.*, 1:19-cv-0102-SPB, 2020 WL 924206, at *1 n.1 (W.D. Pa. Feb. 26, 2020) (concluding that the plaintiff "violated Rule 17(a)" when he did not proceed under his true "legal name"). And Rule 10 requires that a complaint "name all the parties." Fed. R. Civ. P. 10(a); *see also LeTray v. Watertown Police*, 5:20-cv-1194-TWD, 2020 WL 7481584, at *2 n.3 (N.D.N.Y. Nov. 25, 2020) ("Plaintiff cannot bring this action in her preferred name but must caption the action using her legal name."). Considering the sovereign-citizen-type drivel in which Plaintiff traffics, and based on simple common sense, there is good reason to think that "Richard: Pack" is not Plaintiff's true legal name. *See Dwayne Jemon Harris Estate v. City of Florissant*, 4:25-cv-0968-MTS, 2025 WL 2821262, at *1 (E.D. Mo. Oct. 3, 2025).

If Plaintiff desires to continue signing and captioning his filings with "Richard: Pack," he must demonstrate his compliance with Rule 10(a) and Rule 17(a) by proving to the Court that "Richard: Pack" is his true legal name. Otherwise, the Court will not indulge his use of a fictitious name. *See Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (noting that "a party may proceed under a fictitious name only in [ ] limited circumstances"); *accord Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*,

886 F.2d 1240, 1245 (10th Cir. 1989) (explaining that the Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs" and, thus, courts allow it only in "certain limited circumstances").

Plaintiff shall have through **Wednesday**, **October 22, 2025**, to comply with this Memorandum and Order by submitting correctly signed and captioned pleadings or providing sufficient proof of his true legal name. If Plaintiff persists in styling his name in this apparent fiction, or demanding the Court and Defendants do likewise, and fails to sufficiently demonstrate its validity, the Court will dismiss this action. *See* Fed. R. Civ. P. 17(a)(3); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders."); *Spallone v. United States*, 493 U.S. 265, 276 (1990) (discussing "the axiom that courts have inherent power to enforce compliance with their lawful orders" (internal quotations omitted)).

So **ORDERED** this 10th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE