UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Richard Pack, ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | 4:25-cv-911 MTS |
| ) | |
| CITY OF SAINT CHARLES et al., ) | |
| DEFENDANTS. ) | |

## AFFIDAVIT OF TRUTH IN SUPPORT OF PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO DISMISS

This Affidavit of Truth Serves as sworn testimony of fact into the above styled case and I, Richard Pack, PLAINTIFF and affiant, having first-hand knowledge of the facts stated herein, do affirm under penalty of perjury that the assertions made below are the truth, the whole truth, and nothing but the truth.

I.

1) It is a fact that the morning of April 19, 2024 DEFENDANT Katterhenry, without contract or lawful cause, did initiate a traffic stop for an alleged non-moving violation upon the automobile in which the PLAINTIFF was a freely traveling passenger violating the occupants' Constitutionally protected Right to Travel in the process.

2) It is a fact that, upon initiation of the above-mentioned traffic stop, neither the owner of the automobile in which the PLAINTIFF was a freely traveling passenger nor the PLAINTIFF nor the automobile itself were operating in any commercial capacity nor were they bound or obligated by any commercial contract which caused or allowed them to operate in any commercial capacity.

3) It is a fact that DEFENDANT Katterhenry acknowledged the PLAINTIFF'S right to film the interaction but did not immediately give his unlawful order to remain in the automobile until after the PLAINTIFF attempted to exit to continue filming.

4) It is a fact that DEFENDANT Katterhenry attempted to negotiate with the PLAINTIFF terms for a voluntary presentation of I.D. in order to be permitted to "drive" the "vehicle" away after the owner was arrested.

arguments from the PLAINTIFF, jurisdictional challenges and Rules of Procedure.

14) It is a fact that DEFENDANT Engelmeyer participated in the unlawful municipal proceedings as prosecutor against the PLAINTIFF while ignoring, among other protests and arguments from the PLAINTIFF, jurisdictional challenges and Rules of Procedure.

15) It is a fact that upon conclusion of the unlawful municipal proceedings concerning the PLAINTIFF, the PLAINTIFF received via United States Postal Service an order to pay an amount in U.S. Dollars as a result of having been found guilty by DEFENDANT Norman.

16) It is a fact that DEFENDANTS Engelmeyer and Katterhenry both failed to appear the morning of the PLAINTIFF'S requested Trial De Novo in the County Court and the matter was dismissed for failure to prosecute.

17) It is a fact that DEFENDANT Engelmeyer, approximately 352 days after his failure to appear and prosecute his own case, and only after having been served with process naming him a DEFENDANT in the above styled case, did Motion to Set Aside the dismissal of the PLAINTIFF'S Trial De Novo in a retaliatory action against the PLAINTIFF for the filing of his Federal Complaint thereby reinstating the municpal case in the Saint Charles County Court.

Respectfully Entered,

All Rights Reserved UCC 1-308
**Richard Pack**
**4021 Laclede Avenue**
**#8182**
**Saint Louis, Missouri**
**[63156]**
**(708) 921-9273**