**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD PACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00911-MTS |
| | ) | |
| CITY OF ST. CHARLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Richard Pack brought this action against the City of St. Charles and five individuals after a police officer stopped a vehicle in which Pack was riding. Defendants filed a joint Motion to Dismiss. Doc. [28]. The Court has reviewed Pack's Amended Complaint, Doc. [25], as well as all the briefing on Defendants' Motion. After due consideration, the Court concludes that Pack failed to properly serve Defendants and failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(5), (6). The Court therefore will dismiss Pack's action, but it will do so without prejudice.

## I.      BACKGROUND

As it must at this stage, the Court takes Pack's well-pleaded factual allegations "as true" and grants "all reasonable inferences" in his favor. *See Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). In addition, since Pack is *pro se*, the Court must liberally construe his Amended Complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), which means the Court must "construe the complaint in a way that permits [Pack's] claim to be considered within the proper legal framework," *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In his Amended Complaint, Pack writes about being a passenger in a vehicle when Officer Gregory Katterhenry initiated a traffic stop on an entrance ramp to eastbound Interstate 70.  Officer Katterhenry approached the passenger side and spoke with the driver while Pack recorded the encounter on his phone.  After approximately ninety seconds, Officer Katterhenry asked the driver to exit the vehicle and placed the driver in handcuffs.  Officer Katterhenry told Pack that he could continue recording.  When Pack attempted to exit the vehicle to continue filming, Officer Katterhenry instructed Pack to remain inside the vehicle.

Roughly one minute and forty-five seconds later, Officer Katterhenry returned and requested identification from Pack, who refused to provide it.  Officer Katterhenry then ordered Pack to exit the vehicle.  Pack questioned the basis for the order and asked Officer Katterhenry to articulate reasonable suspicion of a crime.  Officer Katterhenry sought "assistance" from Officer Richard Eder, who within six seconds of first engaging with Pack, "la[id] hands upon" Pack, "physically dragging him from" the vehicle.  Next, Pack was "handcuffed, unlawfully searched, and his property unlawfully seized."  Pack was then "falsely imprisoned in the back of a police car" for an "unknown period of time" before someone transported him to "the Saint Charles Police Department jail."  There, Pack alleges he "[wa]s handcuffed to a bench" for an additional unspecified period, "subjected to fingerprinting and photographing against his consent, and his personal information used without his knownledge [sic] or consent."

Pack was later charged in St. Charles Municipal Court with "failure to comply with police/fire officials failed to exit vehicle as passenger during traffic stop when given multiple lawful orders to do so during traffic investigation."  Municipal Judge Nick Brockmeyer

summoned Pack to appear, and when Pack appeared, Judge Brockmeyer entered a not-guilty plea on Pack's behalf.  Later, Municipal Judge Shannon Norman presided over Pack's trial, and Timothy Engelmeyer prosecuted the matter.  Judge Norman concluded the trial and stated that she would announce her decision in the coming days.  Days later, she did.  Judge Norman found Pack guilty and issued a $250 citation, which was mailed to Pack.  Thereafter, Pack filed an "Application for Trial De Novo" with the Eleventh Judicial Circuit Court of Missouri in St. Charles and was summoned to appear there.  Pack appeared as summoned; Prosecuting Attorney Engelmeyer and Officer Katterhenry did not.  The case against Pack "[w]as dismissed for failure to prosecute."  Pack later filed this action against them all and the City of St. Charles.

## II.    DISCUSSION

### a.    Service

Pack was "responsible for having the summons and complaint served" in this action. Fed. R. Civ. P. 4(c)(1).  He acknowledges that the process server he hired did not properly serve Defendants.  *See* Doc. [35] at 2.  Pack states that his process server went to the St. Charles Police Department to serve all Defendants—though that would not have been a proper location to serve every Defendant.  An officer there directed the process server to the front desk, where the process server left copies of the summonses and Complaint.  Pack argues that his process server "would have been able to serve [the Defendants] properly" had a police officer not "misled" the process server by making him leave the papers at the front desk.  *Id.*  Even if Pack's characterization of his process server's attempt is true, it does not change the fact that the service did not, in any way, comply with Federal Rule of Civil Procedure 4(e).  Pack's action is subject to dismissal without prejudice for this reason alone.

Fed. R. Civ. P. 12(b)(5); *Smith v. Ghana Com. Bank, Ltd.*, 379 F. App'x 542, 543 (8th Cir. 2010) (per curiam) ("[A] dismissal for lack of jurisdiction on account of improper service is not an adjudication on the merits and therefore should be without prejudice.").

      b.       <u>Failure to State a Claim</u>

Pack's action has other problems, though, too.  Even when taking his well-pleaded factual allegations "as true" and granting "all reasonable inferences" in his favor, *see Lustgraaf*, 619 F.3d at 872–73, Pack has failed to state a claim upon which relief can be granted against any Defendant.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

*

The facts Pack has pleaded do not, in any way, show that Prosecuting Attorney Engelmeyer, Judge Norman, or Judge Brockmeyer violated Pack's rights.  "A plaintiff . . . must plead facts sufficient to show that h[is] claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  His repeated inclusion of dramatic and inaccurate[1] legal conclusions gets him nowhere in the Court's plausibility determination. *See Catinella v. County of Cook*, 881 F.3d 514, 517–18 (7th Cir. 2018).  Even if Pack pleaded sufficient facts to show that Prosecuting Attorney Engelmeyer, Judge Norman, or Judge Brockmeyer violated his rights, which Pack did not do, well-established immunity shields these three Defendants from liability for their alleged conduct. *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006); *Hagerty v. Keller*, 474 U.S. 968, 969 n.2 (1985).

---

[1] Like the Court has explained regarding other filings by Pack, his Amended Complaint "seems to sound in the make-believe notions popular among so-called 'sovereign citizens.'" *Pack v. City of St. Charles*, 4:25-cv-0911-MTS, 2025 WL 2899025, at *1 (E.D. Mo. Oct. 10, 2025).

- 4 -

Pack's claims against Officer Katterhenry and Officer Eder present a closer question, but they fare no better.  Like Pack's allegations against Prosecuting Attorney Engelmeyer, Judge Norman, and Judge Brockmeyer, Pack's allegations against Officer Katterhenry and Officer Eder are largely conclusory.[2]  The facts alleged do not plausibly show either Officer violated Pack's rights or committed any tort under Missouri law.  *See Schoettle v. Jefferson County*, 788 F.3d 855, 859 (8th Cir. 2015) (noting that "when an officer is conducting an investigative traffic stop based upon reasonable suspicion, he may order a passenger to exit the vehicle"); *Rogala v. District of Columbia*, 161 F.3d 44, 53 (D.C. Cir. 1998) (holding that a passenger ordered by police to get back into the vehicle that she voluntarily exited was not an unreasonable seizure because "a police officer has the power to reasonably control the situation by requiring a passenger to remain *in* a vehicle during a traffic stop"); *United States v. Awer*, 770 F.3d 83, 92 (1st Cir. 2014) ("[T]he right to order a passenger out of a vehicle would be a hollow one indeed if police could not use a reasonable amount of force to ensure compliance with such an order.").

Although Pack fails to plausibly allege that Officer Katterhenry or Officer Eder violated his rights, he fares still worse in attempting to show a violation of clearly established rights.  *See Moore-Jones v. Quick*, 909 F.3d 983, 985 (8th Cir. 2018) (noting a police officer is entitled to qualified immunity unless his "conduct violated a clearly established constitutional or statutory right of which a reasonable officer would have known").

---

[2] For example, Pack repeatedly writes that the traffic stop itself was "unlawful," but he gives no facts to support that legal conclusion.  An officer may lawfully stop a vehicle for many reasons. *Cf. United States v. Cummins*, 920 F.2d 498, 500 (8th Cir. 1990) ("When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle."). True, Pack did not have to plead away every conceivable lawful explanation for the stop, but he fails to provide any facts beyond the time and place of the stop. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 596 (8th Cir. 2009).

Likewise, his Amended Complaint plainly fails to overcome the Officers' official immunity under Missouri law with respect to any state-law claim. *See Thompson v. Dill*, 930 F.3d 1008, 1015 (8th Cir. 2019) (noting that, under Missouri law, an officer's actions when interacting with a suspected criminal are generally discretionary, and thus they are protected by official immunity); *Austell v. Sprenger*, 690 F.3d 929, 939 (8th Cir. 2012) ("The Missouri Supreme Court has affirmed a claim's dismissal where the plaintiff failed to demonstrate the public official's bad faith and therefore the plaintiff could not overcome official immunity."). In sum, while Pack does not show he has a claim against the Officers, he surely does not have one that survives qualified or official immunity.

Pack also named the City of St. Charles itself as a Defendant, but there are two fundamental problems for Pack in that regard. *First*, the Court has determined that Plaintiff failed to plausibly plead a constitutional violation, and St. Charles cannot be liable to Pack if there was no underlying violation. *See Brabbit ex rel. Bild v. Capra*, 59 F.4th 349, 354 (8th Cir. 2023) (per curiam) ("Because there is no cognizable constitutional violation, there is no basis for *Monell*[3] liability."). *Second*, even assuming for the sake of argument that Plaintiff pleaded a plausible constitutional violation, Plaintiff did not include any facts that would establish St. Charles's liability for it. *See Briscoe v. St. Louis County*, 172 F.4th 996, 1011 (8th Cir. 2026) (explaining that municipal liability "can be found . . . under § 1983 only where the municipality itself causes the constitutional violation at issue"); *see also Norton v. Town of Islip*, 678 F. App'x 17, 21 (2d Cir. 2017) (discussing the "several ways" that a "municipality can be liable for a constitutional violation under the Supreme Court's decision in *Monell*").

---

[3] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

### III.    CONCLUSION

Because Pack failed to properly serve Defendants and has not pleaded facts that state a claim against any Defendant, the Court will grant Defendants' Motion and dismiss Pack's action. The Court will do so, however, without prejudice. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182–83 (11th Cir. 2007) (per curiam); *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150, 1163–64 (10th Cir. 2026).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [28], is **GRANTED**. An Order of Dismissal will be entered herewith dismissing this action without prejudice.

Dated this 18th day of May 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE